William Waddell for the petitioner, Manuel Gonzales-Leyton. The issue in the case is whether the petitioner's conviction for exhibiting a deadly weapon, not a firearm, is a crime of violence. He was sentenced to two years in prison, but that was because of a gang enhancement. The statute itself is a misdemeanor offense under California law. I'm going to focus on the United States v. Vidal case. A couple weeks ago, the court sent out an e-mail wanting us to address that case since it was not briefed by either party, and I do think it supports the Respondent's position. What case is that? U.S. v. Vidal. Could you spell out the name of the defendant? What? Vidal. V-I-D-A-L. Vidal? Yes. All right. It's not in either of the briefs from either parties, but the court sent an e-mail stating that they would like us to prepare. And you're addressing the on-bank? Pardon me? You're addressing an on-bank opinion? Yes, Your Honor. The immigration judge stated that because the complaint was... Well, the petitioner's conviction qualified as a crime of violence. That was... That's Snellenberg. That's Snellenberg. Oh, Snellenberg. Yeah. Sorry. Yes. When you've got trifocals, you're never quite sure what line you're reading. First of all, the primary reason the immigration judge held that the petitioner's conviction was a crime of violence is because the district attorney charged the statute in the conjunctive using and rather than or. And so... Well, that's the way the statute reads, huh? Well, the statute actually reads or. If you look at the statute itself for exhibiting a deadly weapon other than a firearm, or is used rather than and. However... Charging the way in the conjunctive using and is common practice in California. Isn't that correct? That is correct. That was my experience. And so the immigration judge held that the petitioner's conviction was a crime of violence because it said and uses a firearm. In other words, not only exhibiting a firearm, instead of or using, it said and. And then the only other evidence that he had for that was there was an abstract of judgment. There was a minute order, which can be used under Snellenberger, but that just indicates that he pled guilty to the count. And then he used the plea transcript. Now, the plea transcript really doesn't add much to it. The only thing that the plea transcript said is he's pleading guilty to count one, which alleges a violation of Penal Code Section 417. So there is no written plea agreement that indicates what the factual basis for the plea was, and there's really no... What do you make of the fact that the judge said you stipulate? We've had counsel up there, and is there a stipulation to a factual basis? And the counsel say, yes, I stipulate to a factual basis without specifying what the factual basis is. They did not specify what the factual basis is. So what do you make of that statement? Well, first of all, it's... What does that tell us? That he didn't actually specify exactly what activities he did. The other issue is that he pled no low. And I think that's where U.S. v. Vidal comes in. Because what U.S. v. Vidal held in the court, asked us to prepare a couple weeks ago to address, was that unlawful driving or taking of a vehicle without the owner's consent was not an aggravated felony in that case. In that case, there was a complaint. There was a plea form that indicates that the person was driving a stolen vehicle. And the judgment did not include the critical phrase, quote, as charged in the information. And the person also pled guilty to Peoples v. West. They went on in that case to define Peoples v. West as similar to a plea of no low. Well, basically they said they described it as a plea of no low, not admitting factual basis for a plea. They went further on and discussed that no low itself is not an admission to any factual basis for the plea. And so that's why I believe that U.S. v. Vidal supports the petitioner's position as opposed to the government. Because the v. Well, in California law, in California, a West plea is unique. A West plea means that the judge doesn't have to accept, doesn't have to require a factual basis. And the defendant can plead to either a lesser inclusive or a closely related count. Well, the case itself described a West plea as a plea of no low, contender, not admitting a factual basis. Well, they ultimately, it becomes, it's something like, it's an admission of guilt, but without any reference to the factual basis. Now, there's some cases in California law that say a plea of no low is an admission of the factual basis in the complaint. The only information in the conviction record which the immigration judge is using to come to the conclusion that the respondent actually used the deadly weapon was the paragraph in the complaint itself using the term and instead of or. And I also cited to Malta v. Espinoza, which basically stated that a plea to the conjunctive using and does not mean that the petitioner is pleading guilty to all of the parts of the complaint as alleged. And I also cited an old Board of Immigration Appeals decision matter of Espinoza, which came to the same conclusion when they were talking about false or fraudulent statements. And in that case, the complaint had said false and fraudulent statement, and the Board of Immigration Appeals said that by pleading guilty to false and fraudulent statements. Let me ask you this. Have you read Snellenberger lately? Yes, I have. What do you make of the statement in Snellenberger where it says, where the en banc court says because the three-noun phrase, phrases are connected by and rather than or, the charging document, the minute order, if consulted, established that Snellenberger committed burglary of a dwelling. Why doesn't that one little statement apply here to our case? Well, first of all, the primary holding in Snellenberger was that a minute order can be used. They did not discuss, as the Ninth Circuit did in Malta v. Espinoza, the difference between a conjunctive pleading and a disjunctive pleading. They also did not cite to two previous Ninth Circuit cases which were cited to in Malta v. Espinoza, I mean, yes, Malta v. Espinoza, which states the same thing, and that was the Bonanna case and Cazares. So there were three precedent decisions that basically stated that pleading in the conjunctive is not pleading to all the elements in the complaint as alleged by the district attorney. All right. You've got some precedents, but here you've got 11 judges on the Ninth Circuit on that case, it's en banc, and the statement goes in. So what are we supposed to do with it? Well, I don't think that one statement in a case where the primary holding was whether a minute order could be used when this case did not refer, reference any of the three prior precedent decisions as well as the Board of Immigration Appeals decision, which the government often alleges that the Ninth Circuit is supposed to defer to, which specifically stated the opposite. So I will agree that there may be contradictory issues as to what pleading to the conjunctive as opposed to the disjunctive means. This issue was not discussed in Snellenberger except for that one statement. And if they're going to overrule three precedent decisions because of one statement That doesn't put us in agreement with several other circuits. I'm not familiar with the – I do know that the Third Circuit – I don't have the site, but the Third Circuit has also stated that the conjunctive doesn't mean that you're pleading guilty to every part. But I don't have the site here. I saw that referenced in a treatise. So I don't believe that every other circuit feels that way, and that was not the primary holding of Snellenberger. In fact, there were other issues in Snellenberger that they specifically didn't address because they were never raised on appeal. So that issue was never really raised on appeal, So I don't think Snellenberger is authority for overturning three prior precedent decisions of the Ninth Circuit. What is it you're looking for? That the petitioner did not – was not convicted of an aggravated felony, and that therefore the case should be remanded to the immigration judge. There was another issue that was in the cases whether the petitioner's conviction was a crime involving moral turpitude committed within five years of his admission, and that was specifically not held. The judge – the immigration judge said that he was not going to address that issue because of his ruling on the aggravated felony. So that still may be an open issue in this case, but the judge didn't address it. He just ruled that the government was – that the petitioner had an aggravated felony conviction. I also raised the issue in the brief as to whether he was actually sentenced to a year because the maximum sentence for the statute as written is a misdemeanor in California law. It was enhanced by the gang enhancement, which the California courts have described as an alternate penalty provision, but I think in basis it's still an enhancement, and that the Ninth Circuit case that holds that enhancements cannot be used for determining the year. Corona Sanchez, I don't think that that was overruled. So that is a secondary issue in this case, too. So remember – and the other thing is that the – and I cited this, the Fernandez-Ruiz case that says for a crime of violence to be a violence, there has to be the intentional use of force against the person or property or the other, and I don't think that the record of conviction showed this. The only thing his transcript of the plea said is that the immigration – I mean the criminal court judge says in the case which alleges a violation of Penal Code Section 417, Subdivision A, how do you plead? And he pleads no contest. There's nothing like in a plea agreement where it says write down the factual basis for the plea. He's just basically pleading guilty to the statute. I don't think that he's pleading guilty to – or pleading no lieu to actually using the firearm. And was anyone thinking of the immigration law consequences? Pardon me? Was anyone thinking of the immigration law consequences? Actually, in the transcript, there was a pause when the immigration – when the criminal court judge asked if he were advised of the immigration consequences. It's a requirement under California law that the judge is taking a plea. Ask a defendant if they've discussed the immigration consequences. And the immigration – I mean the criminal court judge in this case specifically did that, and then there was a sidebar between the petitioner and his criminal defense attorney. What he told me was the criminal defense attorney stated that because he had a residency card, he didn't have to worry about it, and then they went back on the record. So clearly, the – he was advised of the immigration – the potential immigration consequences that there – by the criminal court judge. But he still has not – he pled guilty to exhibiting a firearm, which is a misdemeanor offense. Exhibiting a firearm is not a crime of violence. And just because the complaint – Well, he could have pled guilty to using the firearm in connection with a fight. Actually, I use the term firearm. It was actually a deadly weapon. Or whatever it was. Yes. Although the police report does show that it was a firearm, but he pled guilty to the deadly weapon. But in either event, the issue is whether this is a crime of violence because he was sentenced to two years. If he – if it is a crime of violence, it would be an aggravated felony since he was sentenced to a year or more. But I don't believe that the conviction document, which consists of his complaint, no low plea – no plea bargain with a factual basis written in, I don't think it's been proved that it's a crime of violence because – I don't believe that just because the paragraph in the count states using a firearm that he's pleading guilty to using. That is just an alternative, which in the statute is separated by or. Exhibiting a firearm or using a firearm. And what the district attorney did was use and. That doesn't mean that one is pleading guilty to all of those things. In fact, in certain statutes, that would be an impossibility. But it's often phrased that way by the district attorney. And I don't think Snellenberger overturned three prior precedent cases of the Ninth Circuit that ruled that pleading in the conjunctive does not mean that you're pleading to all the alternative possibilities in the statute. And. Well. It's all a crazy situation, isn't it? There's a lot of immigration law that's. Do you practice immigration law? Yes, I do, Your Honor. Where do you. Where's your office? San Diego. San Diego. Yes. A lot of good lawyers in San Diego. Thank you, Your Honor. Thank you. Good morning, Your Honors. Lord Halliday Hicken for Attorney General Eric Holder. The Court should dismiss this petition for review because Petitioner Gonzales-Leighton was convicted of an aggravated felony. How do we know that? Well, as Opposing Counsel conceded, this is an alternate penalty provision. And that, as the California Supreme Court has indicated, is distinct from a sentence enhancement. That's the distinction the California Supreme Court draws between a sentence enhancement and an alternate penalty provision. The alternate penalty provision increases the base term for the substantive offense. It converted the misdemeanor 417A1 to a felony because of the gang relation, that it was for the benefit of a criminal street gang. California has enacted the California Street Terrorism Enforcement and Prevention Act specifically to dramatically increase the penalties for gang-related offenses. And this alternate penalty provision does just that. It increases the base term. It bears directly on the substantive offense and changes the nature of the offense. It is not akin to a sentence enhancement like this Court dealt with in Cron-Sanchez. Do you think this defendant understood all this? Well, fortunately, in this case, we have a plea colloquy. The documents in this case actually are very comprehensive. They are? They are comprehensive. I mean, if you look at instances where you do not have a plea colloquy, it's hard for the Court maybe to ascertain what went on. But here, the plea colloquy is in the record, and the Court can look at the conviction documents in accordance with that. Petitioner specifically pled to count one in the information. He admitted a factual basis. What was the factual basis that he admitted? He admitted a factual basis underlying the allegations. What facts did he admit? He didn't. What facts? He didn't explicitly admit facts. Are there any facts at all that he admitted to? No. In his plea? Not explicitly. And do we have a copy of the plea agreement, if there was one? No. We have the plea colloquy and the minute order, and we have the count and the information. Right. The judge at the trial – And the statute is in the disjunctive, correct? That's correct. But in the count, one in the information, it was written in the conjunctive. And after this Court's ambach decision in Snellenberger, a plea to a count written in the conjunctive – Isn't that correct? No, it didn't. But it found that the conjunctive in the count was sufficient. And in Snellenberger, we didn't have that statement by the defendant that the defendant – you know, when these pleas take place in the Superior Court or the Muni Court, they go very quickly, because the judges just want to get rid of these cases. They have a lot of – they have a very extensive docket. And as you can tell, this reflects exactly what goes on, which was there was a plea agreement that was negotiated. They walk in and they say, we've got a deal. He's not going to admit any facts. The judge needs for the record some statement that there is a factual basis. And they just say, well, we stipulate to a factual basis. That's it. That's correct. And you never know what the factual basis is. Petitioner was represented by counsel during the plea calichry. If Petitioner wanted to make a reservation to the count, if he wanted to limit his plea to the count, he could have done so. He didn't. He pled to count one in the information as charged. No, he didn't. But where does he say that he pleads as charged? Where are the words as charged in that plea transcript or in the minute order? Where? You show me where it is. In the plea calichry on page 176. 176. Well, he pleads – this may be what the trial judge found. No, you just said he pled as charged. Right. Where does it say that he pled as charged? Okay. He pled to count one in the information. But then the trial judge – Where does it say as charged? Does it say as charged? Let me point you to 176 where the trial judge found him guilty of the charge in count one, because he had pledged to count one. So I apologize. The trial judge – It doesn't say – you said that in your brief, and that's not an accurate representation about what took place here. Right. He pled to count one. So he was asked, you know, how do you plead to count one in the information? This is on page 175, which alleges a violation of Penal Code 417. And he pled no contest. But it does specifically refer to count one. And then the trial judge specifically finds – takes that plea, accepts it, and finds him guilty of the charge in count one. What the judge says is counsel join in the pleas, waivers, admission, and stipulate to a factual basis. Right. He asked counsel that. Right. That's correct. And counsel just say, as the way pleas go down in the superior court, they just say, we stipulate, Your Honor, that there's a factual basis. And we know that the statute – that he could be convicted under a number of different grounds under the statute, because it's in the disjunctive. So all they have to do is say, we stipulate, Your Honor, to a factual basis. Right. That's all the judge needs to hear in California. And we should – And that's it. And following Snellenberger, we should be able to take Petitioner's plea to mean exactly what it says. Can I ask you about Snellenberger? As it's pointed out, that's just a single sentence, and it wasn't an issue before the Court. So why should we find it to be definitive here? Right. It does – in Snellenberger, that finding that the conjunctive is appropriate to find that the Petitioner pled to all the facts alleged in the conjunctive was integral to the ultimate decision in the case. To the extent it is inconsistent with Malta Espinoza, it should be the case law that governs at this point. However, the documents in this case are different than those in Malta Espinoza as well. Those documents were referred to as a bare record of what went on. It was, you know, the plea and the complaint. Here we have the plea – So we shouldn't rely on Snellenberger, but Malta Espinoza? This Court can rely on Snellenberger for the proposition that a plea in the conjunctive to a count in the information alleges proof of all the facts alleged in that count. I mean, that is what Snellenberger held. It was an en banc decision. It didn't. That is what Snellenberger said. It said it. Is it what it held? Well, it did find that they could – you know, the ultimate holding that it was a burglary of a dwelling came from using the conjunctive. So it did factor into the holding. The whole question in that case is whether or not a minute order would suffice, whether you could look to a minute order. Which we have here as well. That was the whole essence of it. That's why Snellenberger went en banc, because the original three-judge panel said, you can't look at a minute order. That is correct. And it went en banc, and the Court said, no, under Shepard, this is still part of the record of the plea conviction, and you can take a look at that. That's all it said. That's correct, and the government takes that to mean that here, the count pled in the conjunctive and written in the conjunctive is proof of all the elements. Now, if you were to look at the briefs in Snellenberger, was there any discussion, any briefing, any debate about the conjunctive versus disjunctive and all of that? I'm sorry. I'm not familiar with the briefs. You didn't look at it, did you? Not the briefs, no. And so – Would you be surprised if I told you that was not one of the issues that was briefed in Snellenberger? No. I mean, obviously, the main issue was whether the minute order was accepted. That was the only issue, right? Right. And then the Court ultimately did determine that the conjunctive was sufficient to establish that the Petitioner had pled to one specific – Let me ask you this. What's the – you know, under Shepard, what are we trying to do? The Court's trying to satisfy itself that the Petitioner pled specifically to a portion of the statute that satisfies the Federal definition of crime of violence. Here, using a deadly weapon in a fight is a – satisfies the Federal definition of crime of violence under 16b because it necessarily involves a substantial amount of violence. But it could have just – you don't even – it could have been he was just brandishing the weapon, he was just exhibiting it, and you don't even – the government doesn't even argue that that's a crime of violence. The government – the immigration judge found two crimes of violence, and the government argues that – doesn't push this, but doesn't concede that exhibiting a weapon in a threatening manner we argue is a crime of violence under 16b, and the immigration judge found that as well. What is overbroad about this statute is that exhibiting a weapon in a rude manner we concede is not a crime of violence, which is why the modified categorical approach is appropriate here in order to limit the statute to either exhibiting a weapon in a threatening manner or what is more clearly a crime of violence using a deadly weapon in a fight. Let me ask you this. When we try to understand what these documents mean, do we look to California law? Which documents? The records of conviction. These documents right here. To understand what they mean? Yes, under California law. That is, he pled guilty. Right. He pled no law. So we look to California law, don't we, to understand what he actually did under California law? Okay. I mean, do you agree with that proposition? I'm not exactly – I mean, what we look to is whether – for our purposes here is whether the petitioner pled to a conviction that satisfies the Federal sentencing purposes. Does a plea of no law contendory mean the same thing in every State in the country? It does in California, and it does for immigration purposes here. It was specifically entered as a plea of guilty during the plea colloquy. The trial judge says, except your plea of no law contendory, I find you guilty of the charge in count one, and except the factual basis and the gang-related – She never specifies what the factual basis is. No. But it was, as Your Honor noted, stipulated. But nobody stipulates as to what the facts were. Not so specifically what they were, but this count is fairly specific. The petitioner pled specifically to the count, and – Do you give any credit to the possibility that the defendant in deciding whether or not to plead guilty, that he didn't want to admit any facts? That's – there's no indication of that in the plea colloquy. Well, because it says stipulation. Is there a factual basis? And nobody says what the facts are. Right. I mean, that's true. But the facts are stipulated, too. There is no reservation. There's no – I mean, there are no explicit facts. There's also no apparent reservation about dealing with the facts. The only question was, do you admit a factual basis? Do you think this defendant made a knowing and intelligent plea? Yes. He was represented by counsel. Does that mean it's knowing and intelligent? In this case, there's no reason to believe otherwise. Well, but look at the complexity of all of this. Do you think his lawyer sat down and was an expert in immigration law and explained to him what the consequences of the plea are? I'm not sure. Do you think the judge even understood it? I'm not sure, but as we noted, the immigration consequences are alerted to. So, you know, we're in a very, very complex area of immigration law here, right? That's true. We can't even agree among ourselves what it's all about. That's true. And we've got all these rules that keep popping up, and here we are. The judge has taken a plea. In his bench book, there's a note in there that tells him to make an inquiry if this defendant has been advised of the immigration consequences of the plea, and there's some discussion that goes on. It's, you know, an area that's this complicated. The whole thing is just a charade, that's all. We're just like everybody's in some insane asylum talking to each other. Nobody really knows what's going on. Is that American justice for you? It is complicated, but in this case the court can satisfy itself. And you have the people who are here who really don't understand the system. They're not well educated. They haven't gone to law school. Even if they did, they wouldn't understand it anyway. So, you know, it's just the whole thing is if someone came here from another planet and listened to what we're talking about today, they'd try to get the first spaceship out of here and they don't want to be with a bunch of crazy people. So, I don't know. And then we look at cases like Schellenberger, which doesn't mention other cases. This is a big, well, if you had a law school exam question on this, everyone would probably flunk it. You know, what troubles me about this whole thing, and I understand, you know, you probably find this that we're somewhat chagrin about. And I'm expressing some skepticism about what happened here. But, you know, in California law, when somebody pleads guilty, as I understand it, put aside the West plea scenario just completely because that's a different animal. It's like there's a similar plea under federal law that's like that. But, you know, when a defendant stands up and pleads guilty, they admit essentially the elements of the offense in the statute. That's really what's going on. It's a confession to the elements of the statute. So the state doesn't have to put on any proof. But, you know, there are multiple acts. And we just – and in this particular case, we just don't know which of those multiple acts he was admitting to. I mean, we really don't. Right. The government respectfully disagrees. Right. It's the government's position. It's that particular – You know, if you hadn't – if there hadn't been the statement, just the blanket statement, is there – when the judge says, counsel, is there – do you stipulate to a factual basis? If there had been – if it had been a straight-up plea where the defendant comes in and says, Your Honor, I want to plead guilty. And the judge asks, any plea bargain? No. Just going to admit – I'm just going to plead guilty. Then it's pretty clear that he's admitting everything in the complaint. But here, it's also pretty clear that there was a plea going on. And they stipulated, just for purposes of taking this plea, that there was a factual basis. And we know under the statute that any – there are multiple acts that could satisfy the elements of the charge. You know, under Shepard, I'm still trying to figure out what he pled to. Right. And I'm not – you haven't convinced me yet. Okay. And Petitioner – I mean, all we can say is Petitioner pled to this. Which obviously was a plea bargain because there were additional counts allowed. That were dismissed. Right. That were dismissed because Petitioner pled to this count. And he admitted the factual basis in this count because this is what – the count he had bargained for. And after Snellenberger, the count written in the conjunctive should be – allow this Court to take that to mean exactly what it says. He exhibited the deadly weapon and he used the deadly weapon in a fight. And because using a deadly weapon in a fight is a crime of violence under 16B, the Court can satisfy itself that he was convicted of the portion of the statute that satisfies the Federal definition and that he was convicted of an aggravated felony because he pled to using a deadly weapon in a fight for the benefit of a criminal street gang. Thank you, Your Honors. Okay. Did a good job of advocacy. Just briefly, if the plea transcript had had the phrase as charged in the information, we may have a different case here. In fact, in U.S. v. Vidal, which we were asked to address on page 1088, they actually have that phrase charged in the information highlighted to distinguish one of the cases that was submitted by the government. So I don't believe that just pleading guilty to the statute means he's pleading guilty to using the firearm because of the use of the word. And as pointed out, the holding of Snellenberger was basically that the minute order can be used as part of the record of conviction. Secondly, the 417A exhibiting a weapon is considered a general intent crime. And I did cite in my brief the California State case that says that the offense is complete when the weapon was exhibited in a rude, angry, or threatening manner and it does not require an intent to do a further act or to achieve a further consequence. So really all we have here is that the petitioner pled guilty to exhibiting a deadly weapon regardless of whether the alternate penalty provision is distinguished from an enhancement. He still has not been convicted of a crime of violence because the record of conviction does not show that he used the firearm or used the weapon. I have nothing further. You teach this subject? No, Your Honor. You sure talk and act like a professor. No. What do you think, Judge? He was a professor. Was he your professor? No, no, he wasn't my professor. Where did you go to school? California Western School, Your Honor. Down in San Diego. Yes. I got into immigration law because I took a two-credit course just because I didn't want to take a three-credit course and then I ended up getting interested in the subject. Well, you know, life moves in mysterious ways. You never know. I just sort of fell into this job. Okay. As a matter of fact, I never even knew a judge until I became one. I knew him. I didn't care much for him.
judges: Pregerson, Noonan, Paez